**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| WALNUT CREEK NURSERY, INC.,[1] ) | |
| ) | Case No. 22-80189 |
| Debtor. ) | |
| ) | Judge Thomas M. Lynch |
| ) | |
| ) | |

**NOTICE OF MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING**
**ADEQUATE PROTECTION; & (III) GRANTING RELATED RELIEF**

TO: See attached list

**PLEASE TAKE NOTICE** that on March 16, 2022, at 11:00 a.m. (prevailing Central Time), I will appear before the Honorable Thomas M. Lynch, United States Bankruptcy Judge, or any judge sitting his place, and present the ***Motion for Entry of an Order (I) Authorizing Use of Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief*** (the "Motion"), a copy of which is attached.

**The Motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

- To appear by video, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

- To appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

- Meeting ID and password. The meeting ID for this hearing is 160 291 5226 and the password is 852255. The meeting ID and password can also be found on Judge Lynch's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-thomas-m-lynch.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no

---

[1] The last four digits of the Debtor's tax identification numbers are 2562, and the location of the Debtor's business is 35910 Polk Road, Marengo, IL 60152.

{9989508:8 }

Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: February 24, 2022

Respectfully submitted,

*/s/ Nicholas M. Miller*
Nicholas M. Miller (ARDC #6295723)
**McDONALD HOPKINS LLC**
300 North LaSalle Street, Suite 1400
Chicago, IL 60654
Telephone: (312) 642-6938
Facsimile:   (312) 280-8232
nmiller@mcdonaldhopkins.com

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR IN POSSESSION

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| WALNUT CREEK NURSERY, INC.,[1] | ) |
| | ) Case No. 22-80189 |
| Debtor. | ) |
| | ) Judge Thomas M. Lynch |
| | ) |
| | ) |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER
### (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING
### ADEQUATE PROTECTION; AND (III) GRANTING RELATED RELIEF

Walnut Creek Nursery, Inc. ("*Walnut Creek*" or the "*Debtor*"), debtor and debtor-in-possession in the above-captioned Chapter 11 case, submit this Motion For Entry of an Order (I) Authorizing Use of Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief (the "*Motion*"). In support of this Motion, the Debtor states:

### JURISDICTION & VENUE

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in this Motion are sections 105, 361, 363, and 507 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

---

[1] The last four digits of the Debtor's tax identification numbers are 2562, and the location of the Debtor's business is 35910 Polk Road, Marengo, IL 60152.

**OVERVIEW OF THE PREPETITION INDEBTEDNESS**

2. The Debtor operates a 260-acre wholesale tree nursery located in Marengo, Illinois. The Debtor has the following business loans (the "*Loans*") from Compeer Financial:

| Loan Number | Original Principal Amount (as amended)[1] | Current Balance |
|---|---|---|
| #96100 | $497,262.39 | $628,567.38 |
| #80000 | $700,000.00 | $898,317.82 |
| #80100 | $300,000.00 | $382,336.23 |
| #70100 | $147,771.06 | $184,730.64 |
| #92100 | $200,000.00 | $242,824.11 |
| #30000 | $1,263,661.23 | $1,443,800.28 |
| TOTAL | $3,108,694.68 | $3,780,575.46 |

3. For each of the Loans, the Debtor is a co-borrower with non-debtor PCH Holdings, LLC, and Paul A. Hackett is a guarantor.

4. The Loans are documented by various notes, security agreements, and related documents (the "*Loan Documents*"). The Loans are cross-guaranteed and cross-secured by all personal property assets of each borrower.

**RELIEF REQUESTED**

5. The Debtor seeks entry of an order (the "*Order*") granting the following relief: (a) authorizing the Debtor to use "cash collateral" (as defined in § 363(a) of the Bankruptcy Code, "*Cash Collateral*") under §§ 361 and 363 of the Bankruptcy Code; (b) granting adequate protection to Compeer Financial under §§ 361 and 363 of the Bankruptcy Code, solely to the extent of the diminution in value of Compeer Financial's interest in the Cash Collateral; and (c) granting certain related relief.

---

[1] The Amended Principal Amount of each Note is inclusive of letter of credit obligations of the Lender issued in respect of such Borrower.

**CONCISE STATEMENT OF THE MATERIAL TERMS OF THE ORDER AND HIGHLIGHTER PROVISIONS UNDER LOCAL RULE 4001-2(A)(2)**

6.      Under and in accordance with Bankruptcy Rule 4001(b)(1)(B) and Local Rule 4001-2(A)(3), the material provisions of the relief requested in the Order, and the location of such provisions in the Order, are as follows:

| Material Terms | Summary of Material Terms | Provision |
| --- | --- | --- |
| Parties with Interest in Cash Collateral:<br><br>[Fed. R. Bankr. P. 4001(b)(1)(B)(i)] | Compeer Financial | P. 1 |
| Use of Cash Collateral:<br><br>[Fed. R. Bankr. P. 4001(b)(1)(B)(ii)] | Upon entry of the Order, the Debtor is authorized to use Cash Collateral, subject to and solely in accordance with the terms and conditions of the Order. The Debtor will continue to operate accordance with the cash flow forecast used to establish the Approved Budget. | ¶ 4 |
| Duration of Use:<br><br>[Fed. R. Bankr. P. 4001(b)(1)(B)(iii)] | The Debtor's right to use Cash Collateral under the Order shall be effective *nunc pro tunc* to the Petition Date and will terminate on such date established in the Order. | ¶ 4 |
| Events of Default:<br>[Fed. R. Bankr. P. 4001(b)(1)(B)(iii)]<br><br>[Local Bankr. R. 4001-2(A)(3)] | The following are Events of Default under the Order:<br><br>• The failure to obtain entry of the Order authorizing use of Cash Collateral on or before 5:00 p.m. (CT) on March 31, 2022.<br><br>• After the Petition Date, the obtaining of credit or the incurring of indebtedness secured by a lien or security interest that is equal or senior to a lien or security interest | ¶¶ 4, 10 |

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| | held by the Prepetition Lender or which is entitled to priority administrative status which is equal or superior to that granted to Compeer Financial.<br><br>• The use of Cash Collateral for any purpose or in any amount not in compliance with the Approved Budget;<br><br>• The failure to make any payment required under the Order, including, but not limited to, the Adequate Protection Obligations;<br><br>• The appointment of a chapter 11 trustee or examiner with duties in addition to those set forth in sections 1106(a)(3) and (a)(4) of the Bankruptcy Code without the prior written consent of the Prepetition Lender;<br><br>• If the Debtor's chapter 11 Case is converted to a case under chapter 7 without the prior written consent of the Prepetition Lender; and/or<br><br>• Reversal, vacatur, or reconsideration of this Order by the Court or any appellate court; and/or<br><br>• Debtor's failure to perform in any material respect, any of these terms, provisions, conditions, covenants, or obligations under this Order. | |
| Adequate Protection:<br><br>[Fed. R. Bankr. P. 4001(b)(1)(B)(iv)] | The Debtor is providing adequate protection to the Prepetition Lender for its interests in the Collateral in the following form:<br><br>• replacement lien to the extent of diminution of value of the Collateral from and after the Petition Date (the "***Diminution***");<br><br>• a superpriority administrative claim under § 507(b) of the Bankruptcy Code solely to the extent of | ¶ 5, 6 |

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| | diminution and/or any other decline in value as a result of the automatic stay (the "*Superpriority Claim*"); | |
| | • post-petition payments as set forth in the Approved Budget; | |
| | • preparation and submission to the Budget and related cash flow forecasts; and | |
| | • stipulation to the amount and validity of Prepetition Lender's prepetition claims and liens. | |
| Priority of Adequate Protection Liens: [Fed. R. Bankr. P. 4001(b)(1)(B)(iv)] | The Replacement Liens granted to the Prepetition Lender shall be prior and senior to (a) the Prepetition Liens, (b) all liens and encumbrances of all other secured creditors in and to such property granted, or arising, subsequent to the date of this Order (including, without limitation, liens and security interests, if any, granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtor other than taxes); (c) any intercompany claim of the Debtor, or any parent, subsidiary or affiliate of the Debtor; and (d) any security interest or lien (other than the Prepetition Liens) that is avoided or otherwise preserved for the benefit of the Debtor's estate pursuant to section 551 of the Bankruptcy Code (provided, that to the extent the security interest or lien that is avoided or otherwise preserved for the benefit of the Debtor's estate pursuant to section 551 of the Bankruptcy Code constituted a Permitted Prior Lien, the Replacement Liens granted to the Prepetition Lender pursuant to this Order shall remain subordinate to such security interest or lien to the extent avoided); provided, however, that the Replacement Liens granted to the Prepetition Lender: (1) shall be subject to the Carveout, and (2) shall not prime any Permitted Prior Liens. | ¶ 5(a)(2) |
| Findings of Fact Binding on the Debtor and Parties in Interest: | Subject in all respects to the Challenge Period (as defined in the Order), the Order contains certain stipulations by the Debtor binding on all parties in | ¶ 6(c) |

{9989508:8}                                    5

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| [Fed. R. Bankr. P. 4001(b)(1)(B)(iii)]<br><br>[Local Bankr. R. 4001-2(A)(2)(b); 4001-2(A)(3)] | interest upon the termination date of the Challenge Period, including the Debtor's stipulation as to the amount of the Prepetition Lender's claims as of the Petition Date and the validity of the Prepetition Lender's lien against the Collateral. | |
| Challenge Period<br><br>[Fed. R. Bankr. P. 4001(b)(1)(B)(iii)]<br><br>[Local Bankr. R. 4001-2(A)(2)(b)] | Any party in interest shall have 75 days from entry of the Order to investigate and challenge the liens and claims of the Prepetition Lender. In the absence of such challenge, all parties in interest shall be bound by the Findings of Fact related to such liens and claims upon the close of the Challenge Period. | ¶ 6(a) |
| Carve Out<br><br>[Fed. R. Bankr. P. 4001(b)(1)(B)(iii)]<br><br>[Local Bankr. R. 4001-2(A)(2)(f); 4001-2(A)(3)] | As used in the Order, "Carve Out" means:<br><br>Subject to the terms and conditions contained in Paragraph 7, the Prepetition Liens, the Replacement Liens and the Superpriority Claim are all subordinate to the following (collectively, the "Carveout"):<br>1) any fees payable to the subchapter V trustee;<br>2) professional fees of, and costs and expenses incurred by, professionals or professional firms retained by the Debtor (collectively, the "Case Professionals") and allowed by the Bankruptcy Court (whether such approval occurs prior to or after the occurrence of a Termination Declaration Event (defined below); "Allowed Professional Fees")) in an amount not to exceed the lesser of: (1) the actual Allowed Professional Fees incurred by each such Case Professional through the Termination Declaration Date, and (2) the amount reflected in the Approved Budget for each such Case Professional through the Termination Declaration Date (the lesser of (1) and (2) being the | ¶ 7 |

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| | "Pre-Carveout Trigger Notice Cap"), in each case less the amount of prepetition retainers received by such Case Professionals; <br> 3) the allowed professional fees and costs and expenses incurred by all Case Professionals incurred after the occurrence of a Termination Declaration Event in an aggregate amount not to exceed $20,000 ("Post-Carveout Trigger Notice Cap"); and for the reasonable fees and expenses incurred by any Chapter 7 trustee appointed by the Court under section 726(b) of the Bankruptcy Code, not to exceed $10,000 in the aggregate. | |
| Adequacy of Budget: <br><br> [Local Bankr. R. 4001-2(A)(4)] | The Debtor proposes that the Budget is adequate (inclusive of professional fees and disbursements) considering all available assets, to pay all administrative expenses due or accruing during the period covered by the Budget. | ¶ 4(d) |
| Waiver of Surcharge Rights: <br><br> [Local Bankr. R. 4001-2(A)(2)(C)] | The Debtor proposes that no costs or expenses of administration which have been or may be incurred in the Chapter 11 Case at any time shall be charged against the Prepetition Lender, or any of its claims or the Collateral, pursuant to sections 105 or 506(c) of the Bankruptcy Code, or otherwise, without the prior written consent of the Prepetition Lender. | ¶ 13 |

**BASIS FOR RELIEF**

**A.     The Debtor's Need for Immediate Access to Cash Collateral.**

7.     The Debtor's access to Cash Collateral is absolutely necessary for ongoing business operations and the Debtor's financial and operational restructuring efforts. The Debtor, therefore, believe that immediate authority to use Cash Collateral as set forth in this Motion and in the Order is necessary to prevent immediate and irreparable harm to the Debtor's estate.

### B. Supporting Authority

*Compeer Financial's Secured Interest
in the Prepetition Collateral is Adequately Protected*

8. The Debtor's use of property of its estate is governed by § 363 of the Bankruptcy Code, which provides in pertinent part that a debtor in possession "may use property of the estate in the ordinary course of business without notice or a hearing." *See* 11 U.S.C. § 363(c)(1). Section 363(c)(2)(A) of the Bankruptcy Code more specifically permits a debtor in possession to use cash collateral with the consent of the secured party or with court authorization in accordance with, among other things, § 363(e) of the Bankruptcy Code. Section 363(e) of the Bankruptcy Code in turn requires that the debtor adequately protect the secured creditors' interest in property to be used by a debtor against any diminution in value of such interest resulting from the debtor's use of the property during a chapter 11 case.

9. Section 361 of the Bankruptcy Code provides a non-exhaustive list of examples of what may constitute adequate protection under § 363: (1) periodic cash payments; (2) additional or replacement liens; or (3) any other relief that will result in the party's realization of the "indubitable equivalent" of its interest in the property. *See* 11 U.S.C § 361. The determination of whether there is adequate protection requires a fact-specific inquiry and must be decided on a case-by-case basis. *See* H.R. Rep. No. 595, 95th Cong., 2d Sess. at 339 (1978) (adequate protection is to be "left to case-by-case interpretation and development."); *see also In re EES Lambert Assocs.*, 62 B.R. 328, 343 (Bankr. N.D. Ill. 1986) (noting the "case by case development of adequate protection").

10. In order to facilitate the likelihood of reorganization, courts should be flexible in the application of the adequate protection afforded to Compeer Financial. *See, e.g., In re Martin*, 761 F.2d 472, 476 (8th Cir. 1985) (noting that diminution in value was to be considered a flexible

{9989508:8 }    8

concept); *In re George Ruggiere Chrysler-Plymouth*, Inc., 727 F.2d 1017, 1019 (10th Cir. 1984) (explaining the Bankruptcy Code's attempt to balance the protection of a secured creditor's property interests against a debtor's need to use cash in order to meet daily operating expenses and promote the "congressional policy favoring rehabilitation over economic failure").

*The Debtor is Providing a Substantial*
*Adequate Protection Package to Safeguard Compeer Financial's Interests*

11. The Debtor will provide Compeer Financial with a robust adequate protection package. This adequate protection package includes, among other things, granting Compeer Financial: (a) a replacement lien on substantially all of the Debtor's assets to the extent there is any diminution in value ("*Diminution*") in Compeer Financial's interests; (b) an allowed super-priority administrative claim to Compeer Financial solely to the extent of any Diminution (the "*Diminution Claim*"); (c) an agreement to operate the business in accordance with the terms of an agreed-upon cash flow forecast and Budget; and (d) a stipulation to the amount and validity of Compeer Financial's claim and lien. (Prop. Order ¶ ¶ 5,6,13).

*The Adequate Protection Liens Provide*
*Substantial Additional Value to Compeer Financial*

12. The Debtor will provide Compeer Financial with a replacement lien on substantially all of the Debtor's assets solely to the extent of any Diminution. The adequate protection lien will be superior in terms of priority and right to Compeer Financial's liens and claims under the Loans, subject and subordinate only to the Carve Out and Permitted Prior Liens. (Prop. Order ¶ 5(a)). Furthermore, the adequate protection liens provide Compeer Financial with significant value that it may not otherwise be entitled to under the Loans.

### *The Diminution Claim Protects Against Diminution in Value*

13. The Debtor will provide Compeer Financial with a Diminution Claim under § 507(b) of the Bankruptcy Code. (Prop. Order ¶ 5(b)). This claim will have priority over all administrative expenses of any kind, subject only to the Carve Out.

### *The Debtor Will Comply with a Budget Approved by Compeer Financial*

14. The Debtor will conduct its business in accordance with the Agreed Budget. Additionally, the Debtor will deliver financial information requested by Compeer Financial. (Prop. Order ¶ 5(c)). Providing this financial information will ensure that Compeer Financial has sufficient information regarding the Debtor's financial performance and will provide assurance about the Debtor's business operations.

### *The Debtor Will Stipulate to the Amount and Validity of Compeer Financial's Claims and Liens*

15. Finally, as a final component of the adequate protection provided to Compeer Financial, the Debtor will stipulate to the amount and validity of Compeer Financial's prepetition claims and liens, subject only to the right of interested parties to challenge such claims and liens during the Challenge Period.

### NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion has been made to this or any other court.

### RESERVATION OF RIGHTS

17. Except as may otherwise be provided in the Order upon entry, nothing contained in this Motion is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under § 365 of the Bankruptcy Code. The Debtor

expressly reserves its right to contest any claim related to the relief sought here. Likewise, if the Court grants the relief sought by this Motion, any payment made under an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's right to subsequently dispute such claim.

### NOTICE & NO PRIOR REQUEST

18. The Debtor has provided notice of this Motion to (a) the Office of the United States Trustee for the Northern District of Illinois; (b) the parties listed on the Debtor's list of 20 largest unsecured creditors; and (c) Compeer Financial. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

19. The Debtor further submits that it has made no prior request for the relief sought in this Motion to this or any other court.

### CONCLUSION

*Wherefore*, the Debtor requests that the Court enter the Order, substantially in the form attached here, (I) authorizing the Debtor to use Cash Collateral in accordance with the terms of the proposed Order attached as Exhibit A; (II) granting adequate protection to Compeer Financial solely to the extent of any diminution in the value of its security interests in its prepetition collateral; and (III) granting related relief.

Dated: February 24, 2022                    Respectfully submitted,

                                            */s/ Nicholas M. Miller*
                                            Nicholas M. Miller (#6295723*)*
                                            **MCDONALD HOPKINS LLC**
                                            300 North LaSalle Street, Suite 1400
                                            Chicago, IL 60654
                                            Telephone: (312) 642-6938
                                            Facsimile:  (312) 280-8232
                                            nmiller@mcdonaldhopkins.com

                                            PROPOSED ATTORNEYS FOR DEBTOR
                                            AND DEBTOR IN POSSESSION

**CERTIFICATE OF SERVICE**

    Nicholas M. Miller, an attorney, certifies that on February 24, 2022, he caused the ***Debtor's Motion for Entry of an Order (I) Authorizing Use of Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief*** to be:

(I) filed electronically with the Clerk of the Court using the CM/ECF System and served to the following parties:

    Jennifer Niemeier
    DOJ-Ust
    780 Regent St.
    Ste. 304
    Madison, WI 53715
    608-210-5643
    Email: jennifer.niemeier@usdoj.gov

(II) served via regular mail to:

    Office of The United States Trustee,
    Region 11
    219 S. Dearborn Street, Room 873
    Chicago, IL 60604

    Internal Revenue Service
    Mail Stop 5110 CHI
    230 South Dearborn, Rm 2600
    Chicago, IL  60604

    Illinois Department of Revenue
    Bankruptcy Section – Level 7-425
    100 West Randolph
    Chicago, IL  60601

    Illinois Dept of Revenue
    Retailer's Occupation Tax
    Springfield, IL  62796-0001

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

Illinois Department of Employment Security
Benefit Payment Control Division
P O Box 4385
Chicago IL 60680

Illinois Department of Revenue
Bankruptcy Unit
P O Box 19035
Springfield IL 62794-9035

Christopher R. Hackett
4 Circle Drive
Algonquin, IL  60102

Pamela Hackett
4 Circle Drive
Algonquin, IL  60102

Lauren E. Hackett
1727 Wildwood Ct
Glenview, IL  60025

Compeer Financial, PCA
2600 Jeny Wren Trail
PO Box 81
Sun Prairie, WI  53590

Mark E. Troline
Principal Credit Officer Risk
Compeer Financial, PCA
2901 East Jackson Street
Macomb, IL  61455

James Wright
Zanck Coen Wright & Saladin P.C.
40 Brink Street
Crystal Lake, IL  60014
*Counsel to Compeer Financial*

First Merit Bank
III Cascade Plaza
Akron, OH  44308

Deere & Company
6400 NW 86th Street
PO Box 6600
Johnston, IA  50131-6630

JCB Finance,
a Program of Bank of the West
475 Sansome Street, 19th Floor
San Francisco, CA  94111

CHTD Company
P.O. Box 2576
Springfield, IL  62708

Financial Agent Services
P.O. Box 2576
Springfield, IL  62708

Kuenzi Turf & Nursery
Attn Myron Kuenzi
6475 State Street
Salem, OR  97317

James A. Kaplan
Jay K Levy & Associates
P.O. Box 1181
Evanston, IL  60201-1181
*Counsel to Kuenzi Turf & Nursery*

John Holmlund Nursery LLC
29285 S.E. Hwy 212
Boring, OR  97009

Stuart J. Stein
Stein & Rotman
645 Landwehr Road
Northbrook, IL  60062
*Counsel to John Holmlund Nursery LLC*

J. Frank Schmidt & Son Co
9500 S.E 327th Avenue
Boring, OR  97009

Benjamin Haskin
Aronberg Goldgehn
330 N. Wabash, Suite 1700
Chicago, IL  60611
*Counsel to J. Frank Schmidt & Son Co.*

Small Business Term Loans, Inc,
DBA BFS Capital
3301 N University Drive Suite 300
Coral Springs, FL  33065

PayPal & Swift Capital
Commercial Collections of America LLC
2180 W Grant Line Rd. Ste 202
Tracy, CA  95377

Martin J. Engel
444 N Michigan Ave Ste 1200 0.
Chicago, IL  60611

Chase
PO Box 15298
Wilmington, DE  19850-5298

Home Depot Credit Services
PO Box 78011
Phoenix, AZ  85062-8011

Capital One
PO Box 60599
City of Industry, CA  91716-0599

Ally Financial
P.O. Box 380901
Bloomington, MN  55438

JCB Financial
Attn: Mike McGinley
Legal JCB Finance
655 Business Center Drive, Ste 250
Horsham, PA  19044

Sester Farms, Inc.
Attn: Lisa Vaughan, Accounting
33205 S.E. Oxbow Drive
Gresham, OR  97080

Bailey Nursery
Minnesota - Main Office
1325 Bailey Road
St Paul, MN  55119

Don Schmidt Nursery
Attn Eric Schmidt
32010 SE Kelso Road
Boring, OR  97009

Haston Farm Nursery
P.O. Box 7521
McMinnville, TN  37111

Masterblend
Attn Jenee Rinearson, Acct
4673 Weitz Road
Morris, IL  60450

John Carcieri & Associates
220 E Falmouth Highway
E Falmouth, MA  02536

Goodmark Nursery
8920 Howe Road
Wonder Lake, IL  60097

Trickleze
Attn Doris Lewis
4266 Hollywood Road
St Joseph, MI  49085-9540

Ewing Irrigation
3441 E Harbour Drive
Phoenix, AZ  85034

Shade Tree Nursery
10765 176th Street
McAlpin, FL  32062

| | |
|---|---|
| Left Coast Logistics LLC<br>Attn Carolyn Peecher<br>5775 SW Jean Road, Ste 215<br>Lake Oswego, OR  97035 | Hortica Insurance<br>1 Horticultural Land<br>PO Box 428<br>Edwardsville, IL  62025<br><br>Illinois Tollway<br>P.O. Box 5544<br>Chicago, IL  60680-5544 |

*/s/ Nicholas M. Miller*
Nicholas M. Miller